**Tabah RUSLI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73973.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 29, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kathleen S. Koh, Esquire, Law Office of Kathleen Koh, Whittier, CA, for Petitioner.

Jem C. Sponzo, Esquire, M. Jocelyn Lopez Wright, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Tabah Rusli, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ")

** This disposition is not appropriate for publication and is not precedent except as provid-

decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

■ Substantial evidence supports the IJ's finding that the harm Rusli suffered did not constitute past persecution. *See id.* at 1016–18. Substantial evidence also supports the IJ's finding that Rusli failed to demonstrate a well-founded fear of future persecution because, although he is a member of a disfavored group, he did not demonstrate an individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004). Substantial evidence further supports the IJ's well-founded fear finding because Rusli returned to Indonesia for a year and a half without incident and his family members continue to live there without incident. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001).

■ Because Rusli failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

■ Substantial evidence also supports the denial of CAT relief because Rusli has not demonstrated that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**